[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY POST JUDGMENT ALIMONY (DOCKET ENTRY NO. 109)
The marriage of the parties was dissolved on May 26, 1999. The Separation Agreement of the same date required the defendant to pay the CT Page 13655 plaintiff alimony of $800 per month for ten (10) years. That Agreement was incorporated by reference into the decree and survived the same.
Paragraph 2 of the Agreement in pertinent part provides, "Said alimony payments may be subject to modification in the event the Husband's disability insurance benefits cease or are reduced. In such event, the Husband may file a Motion for Modification of Alimony and any reduction or termination shall be at the sole discretion of this Court . . .
The defendant has invoked this provision and has moved to modify downward his alimony obligation because both parties agree — his monthly disability "insurance" benefits have been reduced by $1,348. At oral argument, however, the parties also agreed the defendant's disability income has in fact increased since the date of dissolution by virtue of his receipt of social security disability income in an amount in excess of the reduction of disability income provided through his former employer.
Paragraph 2 of the Agreement also provides alimony payments shall" not be modified for reason of the plaintiff's increased employment earnings. The mandatory language of this proviso is in contradistinction to the precatory language of the earlier cited provision which permits — but does not require — modification and suggests therefore the court's exercise of discretion in terminating or reducing alimony should be as a result of an equity analysis. Though the defendant's motion references the wife's increased earnings, no consideration of the same is appropriate because it is specifically precluded by the parties' earlier Agreement. Despite his representation to the contrary, the defendant has in fact not experienced a substantial change in circumstances. The court also takes judicial notice his increased income for reason of social security disability benefits is not for him a taxable event.
The weighing of equities preponderates in favor of the plaintiff. The Motion to Modify Alimony is denied.
Sheedy, J.